IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| RICHARD CALLAWAY, | Cause No. CV-11-00090-GF-SEH-RKS |
| --- | --- |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS MOTION FOR SUMMARY JUDGMENT** |
| MARTIN FRINK, CHAPLAIN MECKLING, AND JOHN OR JANE DOE, | |
| Defendants. | |

## I. Synopsis

Mr. Callaway is incarcerated at Crossroads Correctional Center in Shelby, Montana. He sued Defendants, alleging they violated his rights under RLUIPA and the First Amendment by impeding his ability to practice the Odinist religion. Defendants moved for summary judgment. Mr. Callaway did not respond to the Motion. Defendants have shown there is no issue of material fact and that they are entitled to judgment as a matter of law. Their Motion for Summary Judgment

1

should be granted.

## II. Jurisdiction

Mr. Callaway filed suit in federal court, in the Great Falls Division of the District of Montana. CD 8. Venue is proper, as he is incarcerated in Toole County, Montana. Local Rule 1.2(c)(3). His Complaint alleges violations of the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq., which invokes federal question jurisdiction. 28 U.S.C. § 1331. The case was assigned to the Hon. Sam E. Haddon, Senior U.S. District Judge, and referred to the undersigned because Mr. Callaway is a prisoner proceeding in forma pauperis. CD 15; Local Rule 72.2(a)(1).

## III. Status

Mr. Callaway filed an Amended Complaint on March 1, 2012. CD 8. Defendants filed an Answer on July 12, 2012. CD 12. The period for discovery concluded December 19, 2012. CD 13. Defendants filed a Motion for Summary Judgment on February 1, 2013. CD 20. Defendants supported the Motion with a brief, affidavits, and a statement of undisputed facts. CD 21-25. Defendants provided Mr. Callaway with a Rand notice, informing him of the potentially dispositive motion. CD 19. Mr. Callaway had until February 25 to file a brief in

response to the Motion for Summary Judgment. Local Rule 7.1(d)(1)(B) (providing 21 days to respond to summary judgment motion); Fed. R. Civ. P. 6(d) (providing 3 additional days when service of a motion is accomplished by mail). Mr. Callaway did not file a response brief or request additional time, and the allotted period has expired. Defendants' Motion for Summary Judgment is now ripe.

## IV. Standards

**Summary judgment**

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). Once the moving party has made a prima facie showing that it is entitled to summary judgment, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. Id.

Failure to file a response brief may be deemed an admission that a motion is well-taken. Local Rule 7.1(d)(1)(B). However, "[a] district court may not grant a motion for summary judgment simply because the nonmoving party does not file

opposing material, even if the failure to oppose violates a local rule." Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994)(per curiam); see also Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003) (summary judgment cannot be granted unless moving party makes a prima facie case that it is entitled to summary judgment, even if opposing party does not respond).

**RLUIPA**

RLUIPA provides that "no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the government shows that the burden furthers "a compelling government interest" by "the least intrusive means" available. 42 U.S.C. § 2000cc-1(a). Under RLUIPA, plaintiffs bear the initial burden of persuasion on whether a challenged prison policy substantially burdens their exercise of religion. 42 U.S.C. § 2000cc–2(b). Hartmann v. California Dept. of Corrections and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013). A substantial burden is one that is "oppressive" to a "significantly great extent." Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005). To be substantial, the burden must compel a plaintiff to act contrary to his beliefs, not merely offend or inconvenience the plaintiff. Navajo Nation v. United States Forest Service, 535 F.3d 1058, 1063 (9th Cir. 2008).

**1st Amendment**

RLUIPA has a stricter standard of review than the First Amendment. Shakur v. Schriro, 514 F.3d 878, 888 (9th Cir. 2008). Therefore it is not necessary to separately analyze the Motion for Summary Judgment in regard to Mr. Callaway's First Amendment claims. See also CD 5, p. 6; CD 9, p. 8 (limiting analysis to RLUIPA).

## V. Arguments

**Mr. Callaway's Amended Complaint**

Mr. Callaway alleges that he practices the Odinist religion. He alleges that Odinists incarcerated at Crossroads Correctional Center were previously allowed to worship in an outdoor area with a fire pit. He alleges that the outdoor worship area has been closed down, and now Odinists must worship in an indoor chapel. Mr. Callaway alleges the indoor chapel is inadequate because they cannot have a fire in there, and it is "unharmonious." CD 8.

Mr. Callaway alleges that Odinist inmates have been transferred out of Crossroads, which he contends is an attempt to disperse Odinists. Mr. Callaway alleges that the prison will not make copies of worn-out Odinist literature, and the prison library provides little Odinist literature compared to other religions. Mr. Callaway alleges the prison does not provide particular herbs which he would like

to use for a ceremonial tea. Mr. Callaway alleges that Warden Frink will not tell him who manufactures the Odinist jewelry that the prison makes available for purchase, so Mr. Callaway does not know if it was manufactured by an Odinist (which, he alleges, is required by the Odinist religion). Mr. Callaway alleges that he is not allowed religious feast days. He alleges that he has been wrongfully placed in a "security threat group." Finally, he alleges that the defendants discriminate against because he is an Odinist by not fairly considering his grievances. CD 8.

**Defendants' Motion for Summary Judgment**

Mr. Meckling moves for summary judgment on the grounds that any claims against him are moot because Mr. Callaway seeks only injunctive relief, but Mr. Meckling is not subject to an injunction because he no longer works at Crossroads.

All Defendants argue they are entitled to summary judgment because, under the undisputed facts, there was no violation of RLUIPA. Defendants argue that they did not substantially burden Mr. Callaway's practice of religion. CD 21.

### VI. Analysis

**I. Mr. Callaway's request for monetary damages should not be dismissed.**

Mr. Callaway's Complaint seeks both monetary damages and injunctive relief. CD 8, p. 5. Specifically, he seeks an injunction requiring restoration of the

outdoor worship area at Crossroads Correctional Center, and permitting him access to Odinist materials at Crossroads Correctional Center. CD 8. Defendants argue that Mr. Callaway has abandoned his request for monetary relief by stating "No monetary damages are required" in response to an interrogatory. CD 22, p. 2. This response is somewhat ambiguous, as it is unclear whether Mr. Callaway intended to completely withdraw his request for monetary relief as to all claims and defendants. Summary judgment should not be granted in regard to his request for monetary relief, particularly because the case can be resolved on other grounds, as described below.

II. **Mr. Meckling's having left Crossroads does not moot the claims, but triggers substitution of him by his successor.**

Mr. Meckling no longer works at Crossroads Correctional Center. CD 22, p. 2. Defendants argue that claims against him should be dismissed as moot. However, it appears Mr. Meckling is named in his official capacity as prison chaplain. See CD 8, p. 16 ("The chaplain is the religious coordinator so if anyone can restore or help restore our religion back to its correct way he can."). Thus, Mr. Meckling's successor in that office is automatically substituted in his place. Fed. R. Civ. P. 25(d). Summary judgment is not appropriate on the grounds of mootness.

II. **All Defendants are entitled to summary judgment because they did not**

**substantially burden Mr. Callaway's religious practice.**

Mr. Callaway alleges a variety of RLUIPA violations in his Complaint. Defendants have submitted evidence showing they burdened Mr. Callaway's religion only as necessary to further a compelling government purpose, and the burdens were not substantial. CD 23, 24, 25. Thus, Defendants have made a prima facie case that they are entitled to summary judgment. Mr. Callaway has submitted no evidence, and has not contested or contradicted the facts set forth by Defendants. Therefore the facts set forth by Defendants after discovery are undisputed. Based on those facts, Defendants are entitled to judgment as a matter of law on each claim. Summary judgment should be granted in their favor.

**a. Loss of outdoor worship area**

Mr. Callaway alleges that an outdoor area where he and other Odinists previously worshiped has been closed to them. CD 8, p. 8. The Odinists now must worship in an indoor chapel, which Mr. Callaway alleges is inadequate because it lacks the capacity for a fire and is "unharmonious." CD 8, pp. 12-16.

Defendants respond that closure of the outdoor area was a necessary safety measure, and did not substantially burden Mr. Callaway's practice of Odinism. CD 21, p. 14. It is undisputed that the outdoor worship area with a fire pit was closed because outdoor worship – particularly with fire – presents a safety risk to

other inmates and prison staff. CD 22, pp. 3, 4 (citing affidavits of Warden Frink and Placement Bureau Chief Patrick Smith). Safety is a compelling government purpose. Cutter v. Wilkinson, 544 U.S. 709, 712 (2005). Warden Frink considered other possible safety measures and determined they were inadequate. CD 22, p. 7. Thus, closure of the outdoor worship area was necessary to further a compelling government purpose. Courts have specifically held that a prison's prohibition of a fire is not a violation of RLUIPA. Smith v. Allen, 502 F.3d 1255, 1280 (11th Cir. 2007); Birdwell v. Cates, 2012 WL 1641964, *13 (E.D. Cal. 2012). Additionally, Mr. Callaway's Complaint cannot be read to allege that the lack of an outdoor worship area is a substantial burden on his religion. He alleges that the deprivation of fire "diminishes" Odinist ceremonies and that "certain parts" of their ceremony cannot be performed. CD 8, p. 9. He does not allege that he is unable to practice his religion or that he is compelled to act contrary to his beliefs. Defendants are entitled to summary judgment on this claim.

**b. Transfer of Odinist inmates**

Mr. Callaway alleges that inmates who practice Odinism have been transferred out of Crossroads Correctional Center. Mr. Callaway alleges that the transfers are an attempt to disband the Odinists. CD 8, p. 12.

Defendants dispute the claim, arguing that Mr. Callaway's allegations are

9

entirely speculative. CD 21, pp. 23-24. Defendants also argue that even if the allegations were proven, they would not constitute a RLUIPA claim because the transfer of other inmates does not impose a substantial burden on Mr. Callway's practice of religion. Id.

Defendants are correct in both respects. Mr. Callaway's Amended Complaint only briefly addresses the transfers, stating:

> Another fact is that several days after the closing of the Odinist ground patrons of my faith were shipped to other regional facilities. Another means by Warden Frink to disban[d] the whole Odinist religious program altogether.
>
> CD 8, p. 12.

The allegation that Warden Frink transferred inmates to disband the Odinist religion at Crossroads is, as Defendants noted, speculative. Mr. Callaway alleges no facts to support his allegation that the transfers were religiously motivated. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell A. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Additionally, Mr. Callaway does not allege that the transfer of other Odinists impacts his ability to practice Odinism, let alone substantially burdens it. Thus, even if Mr. Callaway could prove the allegations he would not be entitled to relief under RLUIPA. The allegation fails to state a claim on which relief could be granted.

Because the allegation is speculative and does not state a claim, defendants are entitled to summary judgment.

### c. Odinist literature

Mr. Callaway alleges that Odinists have few books in the prison library. CD 8, p. 13. Mr. Callaway alleges that the prison does not accept Odinist books offered as donations. Id. He alleges that the prison will not pay for Odinists to make copies of the worn-out books; Odinists must pay for their own copies. Id. Mr. Callaway alleges that Christians, by contrast, have many books in the library and get copies made for free. Id.

Mr. Callaway does not indicate which cause of action he attempts to support with these allegations. The allegations could construed as attempts to state a claim under RLUIPA, the Equal Protection Clause, or the First Amendment. Because RLUIPA provides heightened protection for religious practice to prisoners, Cutter, 544 U.S. at 714, analysis under that standard is dispositive, regardless of Mr. Callaway's intended claim. His allegations regarding Odinist book will therefore only be considered under RLUIPA. Thus, regardless of number of Odinist books relative to other books in the prison library, Mr. Callaway is entitled to relief only if Defendants have deprived him of books, the deprivation is a substantial burden on his religious exercise, and the deprivation does not further a compelling

government purpose. 42 U.S.C. § 2000cc-1(a).

Warden Frink stated in an affidavit that he is aware of no Odinist book or pamphlet that has been offered to Crossroads as a donation but rejected. CD 22, p. 24. Warden Frink also stated in the affidavit that he is aware of only one book Mr. Callaway was denied – an art book that was rejected because it contained nudity in violation of prison policy. Id.

It is undisputed that Warden Frink has not prohibited the donation of Odinist materials. Mr. Callaway has not identified any religious literature that is essential to his practice of Odinism. Nor has he alleged that new copies of material he already has are essential to his religious practice. Mr. Callaway's desire for more Odinist books does not establish a RLUIPA violation. Hartman v. California Dept. Of Corrections and Rehab., 707 F.3d 1114, 1125 (9th Cir. 2013) (No substantial burden under RLUIPA where "Rather than claiming they have been pressured to abandon their religious beliefs, Plaintiffs seek additional religious accommodations beyond those already provided by the prison to facilitate the religious exercises of their . . . faith."). Summary judgment should be granted in their favor on this claim.

### d. Teas and herbs

Mr. Callaway alleges that the prison provides herbs that Odinists use to

make a ceremonial tea, but that the prison has been out of the preferred herbs for over a year. CD 8, p. 14.

Warden Frink testified by affidavit that Odinist inmates, including Mr. Callaway, are provided with herbs to make tea. CD 22, p. 8. Mr. Callaway did not contest the testimony. Mr. Calloway also did not allege that his practice of Odinism is substantially burdened by the alleged denial of particular herbs. He alleges only that he is "forced to practice [his] religion [out] of its proper form." CD 8, p. 14. Merely offence or inconvenience does not amount to a substantial burden. Navajo Nation, 535 F. 3d at 1063. Defendants are entitled to summary judgment on this claim.

### e. Information on origin of jewelry

Mr. Callaway alleges that he is allowed to buy Odinist jewelry, but Warden Frink will not provide information about the manufacturer of the jewelry. Thus, Mr. Callaway cannot determine whether the jewelry is manufactured by an Odinist. Mr. Callaway alleges that only jewelry manufactured by an Odinist is permitted by his religion. CD 8, p. 14.

Warden Frink attests by affidavit attests that 1) Odinist pendants are available for sale at the prison, 2) Mr. Callaway could request approval to purchase a pendant from a different vendor, and 3) Mr. Callaway has not sought approval to

purchase a pendant from another vendor. CD 22, p. 10. Mr. Callaway does not dispute the assertions in Warden Frink's affidavit. Defendants argue that Mr. Callaway's religious practice is not substantially burdened by Warden Frink's alleged refusal to determine the religion of whoever manufactures the Odinist pendants sold at Crossroads. CD 21, p. 26.

Based on the undisputed facts, Mr. Callaway has not been denied the opportunity to purchase Odinist jewelry from his preferred vendor. CD 22, p. 10. Mr. Callaway has not even requested jewelry from a particular vendor. Id. Instead, he seems to allege that Warden Frink must provide him some assurance that the manufacturer of the pendants offered are manufactured by a practing Odinist. RLUIPA does not require prison officials to provide "additional religious accommodations beyond those already provided by the prison to facilitate the religious exercise." Hartmann, 707 F.3d at 1125. Mr. Callaway has not shown that his religious practice is substantially burdened. Defendants are entitled to summary judgment on this claim.

### f. Feast days

Mr. Callaway alleges that Warden Frink does not provide "feast days," where special religious foods are provided, on Odinist holidays. CD 8, p. 13. Mr. Callaway has not alleged a particular feast day or special religious food that he has

14

requested and been denied.

Warden Frink stated in an affidavit that Mr. Callaway has not asked Warden Frink for any feast days, and Warden Frink has not denied Mr. Callaway any feast days. CD 22, pp. 8-9. Mr. Callaway does not contest the statements in Warden Frink's affidavit.

Based on the undisputed facts, Mr. Callaway has not been denied a religious accommodation regarding a particular food. His general allegation that he has been deprived of "feast days" is insufficient to defeat summary judgment. Adickes, 398 U.S. at 160. Judgment should be granted in favor of Defendants.

**g. Gang status**

Mr. Callaway alleges that Warden Frink has given Odinists "STG gang" status. CD 8, p. 14. Mr. Callaway does not define this term or explain how it infringes or his federally protected rights.

Defendants contend that the term refers to "Security Threat Group," and is applied to "a group of individuals with a history, common interest, bond, affiliation or motivation to engage in criminal or disruptive conduct, either collectively or individually." CD 21, p. 29. The term has been applied to Mr. Callaway because he has certain tattoos, not because of his religion. CD 22, pp. 8-9. Thus, the designation does not implicate RLUIPA. Additionally, Mr. Callway has not

15

responded to provide any facts to support his own conclusory allegation that the designation damages him, or to controvert the facts submitted by Defendants. Therefore Defendants are entitled to summary judgment. Adickes, 398 U.S. at 160.

### h. Grievance process

Mr. Callaway alleges that his grievances are not fairly considered because he is an Odinist. CD 8, p. 15.

Mr. Callaway's allegation that his grievances have been treated unfairly is conclusory. He alleges no facts to support the claim. Mr. Callaway's allegation that this alleged unfair treatment is based on his religion requires an additional speculative leap. Defendants have submitted affidavits showing that Mr. Callaway's grievances were fully addressed. CD 22, p. 6. Mr. Callaway's conclusory, speculative allegations are not enough to survive the motion for summary judgment. Defendants are therefore entitled to summary judgment on this claim.

### VI. Conclusion

Defendants have met their burden of showing an absence of any genuine issue of material fact. The undisputed facts show that Defendants burdened Mr. Callaway's practice of religion only to the extent necessary to further compelling

16

government interest, and that the burdens imposed were not substantial. Mr. Callaway's rights under RLUIPA were not violated.

The undersigned **FINDS:**

1. There is no genuine issue of material fact.

2. Defendants did not substantially burden Mr. Callaway's practice of religion.

The undersigned **RECOMMENDS:**

1. Defendants' Motion for Summary Judgment, CD 20, should be granted, and judgment entered in favor of Defendants.

2. This case be dismissed with prejudice.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied on

to contradict that finding. In addition, the objections must itemize each recommendation to which objection is made and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the objective party from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Dated the 3rd day of April, 2013.

*/s/ Keith Stong*
Keith Strong
United States Magistrate Judge
